## Case No. 11,096.

### PHILIPS v. LEDLEY.

[1 Wash. C. C. 226.] [1]

Circuit Court. D. Pennsylvania. April Term, 1805.

MARITIME LIENS—REPAIRS—AUTHORITY OF MASTER —MORTGAGEE NOT IN POSSESSION—EARNINGS— ENROLMENT — REGISTRY AND LICENSE.

1. The master of a vessel, from the necessity of the case, may bind his owners for repairs; unless it appears, that some other person has authority to manage the concern, in the particular instance; and that this was known to the creditor.

[Cited in The Joseph Cunard, Case No. 7,535; Hill v. The Golden Gate, Id. 6,491.]

[Cited in brief in Winsor v. Maddock, 64 Pa. St. 234.]

2. The mortgagee of a vessel, before possession delivered, is not responsible for repairs made by the mortgagor; nor is he entitled to the earnings of the vessel.

[Cited in brief in Munro v. Merchants' Bank, 93 Mass. (11 Allen) 220.]

3. By the law of the United States, relating to the registering and enrolment of vessels, the inaccurate recital of the certificate of registry, in a bill of sale, does not, as in England, avoid the sale; but merely deprives the vessel of her American character.

4. If a registered vessel is assigned to a foreigner, she is only deprived of her American character.

5. The sale of a licensed vessel to a foreigner, is not void; but the vessel is liable to forfeiture.

This was indebitatus assumpsit, for work and labour done and performed by plaintiff, as ship carpenter, on the sloop Industry, the property of the defendant. The material facts were; that the defendant, before the repairs were made, sold the sloop to one Vasy; and the contract, which was in writing, stated, that "J. C. Ledley, (the person now sued as defendant,) doth bargain and agree with J. Vasy, for the sloop Industry, for 380 dollars; payable one half on delivery of the vessel, and the remainder in three months. The said Ledley holds the enrolment, till the balance of the money is paid." Vasy paid down 20 dollars, and in about sixteen days afterwards received possession of the vessel, and then completed the first payment. He also stated in evidence, that he carried with him, on his first voyage, the license and enrolment, but no change was made in the name. Vasy brought the vessel to Philadelphia, and employed the plaintiff to repair her; informing him that he had purchased her from the defendant. The repairs being made, to the amount of 632 dollars, Vasy gave his note for the amount,

payable at one hundred and ten days, and then went on a trip to Baltimore, where he left her, and returned to Philadelphia. The note having become due, and he being unable to pay it, he was sued, judgment recovered, and being thrown into jail, he took the benefit of the insolvent law, and the plaintiff was appointed one of his assignees. Vasy sold the sloop to one Paul, who, at considerable expense, brought her to Philadelphia, and consented that she should be sold, and after paying these expenses, the residue should be applied to the discharge of so much of the original purchase money, as was yet due the defendant. She was sold for 400 dollars. It appeared from the plaintiff's books, that he had charged these repairs to Vasy, for the sloop Industry. The plaintiff, not being able to receive payment from Vasy, brought this suit.

The court informed the counsel, that the only question was, whether, under the circumstances of this case, (about which there was no dispute,) the plaintiff could recover against Ledley, the defendant; and suggested, that the case should be argued as a point of law. The counsel on both sides assenting, Smith, counsel for defendant, moved for a nonsuit. He contended—First. That the defendant at no time was responsible for these repairs, and relied on the cases of Jackson v. Vernon, 1 H. Bl. 114, and Chinnery v. Blackburne, Id. 117, note, to show, that even the mortgagee of a vessel, out of possession, is neither entitled to the earnings of the vessel, nor liable for repairs or expenses. That perhaps it might be contended, that under the 32d section of the act of 18th February, 1793 (2 [Folwell's Ed.] 193 [1 Stat. 316]), the sale to Vasy, who, it is admitted, was then an alien, by producing forfeiture of the vessel, prevented the title from ever passing out of the defendant. But in answer to this, the title passed to, and remained in the vendee, until the forfeiture was completed by conviction, and therefore, in respect to his acts, he was to all the world the owner. But, if the sale produced the forfeiture, then the right vested in the United States, and on that ground the defendant could not be made answerable. Second. The plaintiff, by resorting to Vasy, looking to him, taking his note, and suing him, discharged Ledley, if he ever was liable. 2 Strange, 817; Abb. Shipp. 85. The plaintiff lost his lien on the vessel, which the law of Pennsylvania gave him, because he suffered her to make one voyage to sea.

M. & S. Levy, for plaintiff, contended; that the sale to Vasy passed neither a legal nor equitable title to the vessel. The contract was nothing more than an agreement to sell, on condition the whole purchase money was paid; not an equitable estate, because the purchase money was never paid. Ledley, therefore, continued the owner; and to show his liability, although the contract was not made with him, they relied on the

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

case of Westerdell v. Dale, 7 Term R. 306. Cited, also [Scottin v. Stanley] 1 Dall. [1 U. S.] 129; [Farrel v. M'Clea] Id. 392; [Murgatroyd v. Crawford] 3 Dall. [3 U. S.] 491.

The court stopped Mr. Milner, who was about the reply.

WASHINGTON, Circuit Justice. This is an action of indebitatus assumpsit against defendant, in common form, for repairs done to his vessel, at his request. To support it, the plaintiff must prove the assumpsit of the defendant, either expressly, or by such an implication as the law will raise; that is, that the work was done, at the request of the defendant, or of some other person who had authority to bind him, either express or implied, from the nature of the transaction. The principle upon which the master may bind his owners for repairs, &c. results from the general authority with which, from the necessity of the case, he is clothed; and which nothing but proof that some other person was intrusted to manage the concern, in the particular instance, and this known to the creditor, can defeat. The cases of Chinnery v. Blackburne, 1 H. Bl. 117, note, and Jackson v. Vernon [Id. 114] support, to the full extent, this doctrine. For a mortgagee of a vessel, even before possession delivered, has the legal title; and yet he is not responsible for any repairs, nor entitled to any of the earnings of the vessel. If this be the case as to a mortgagee, the argument is a fortiori, in the case of an absolute vendee in possession, whatever defect there may be in his title. The question always must be, with whom was the contract made, and on whose credit?

The case of Westerdell v. Dale [7 Term R. 306] is not apposite to this. For there, Dale and Wharton were partners in the vessel; and, of course, both had an authority to bind the other. The insufficient recital of the certificate, in the conveyance from Dale to Wharton of his half, rendered the whole a nullity, under the particular provisions of the navigation laws of England; and of course, Wharton still retained the authority, once vested in him, to bind his partner. But in this case, Vasy never had authority to bind the defendant, before the purchase; and the sale could not, in its nature, communicate such a power to him. The difference between the law of England on this point, and the law of the United States, is striking. The inaccurate recital of the certificate, avoids the deed there: here, it only deprives the vessel of the privileges of an American bottom. If a sea vessel is assigned to a foreigner, the consequence is the same. If a coasting vessel, the sale is not void; but the vessel is liable to forfeiture only. In this case, the sale was absolute, not conditional or executory; and was perfected by delivery of possession. The agreement that Ledley should retain the enrolment, created a lien on that paper; but the

title to the vessel itself, passed by the sale. In this case, however, it appears that both the license and enrolment were delivered up. Nonsuit directed.